IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.

2010 MAY 26  PM 2 41

PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

| | |
|---|---|
| SAGA PETROLEUM, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ARROWHEAD DRILLING, LLC, and<br>BILL MAXWELL,<br><br>    Defendants.<br>_____<br><br>ARROWHEAD OIL & GAS<br>DRILLING, a Montana Joint Venture<br>of Arrowhead Drilling, LLC and B&D<br>Oil & Gas, Inc.,<br><br>    Counterclaimant & Third-Party<br>    Plaintiff,<br><br>vs.<br><br>SAGA PETROLEUM, LLC,<br>SAGA PETROLEUM<br>CORPORATION, and PUBLIC GAS<br>PARTNERS, INC.,<br><br>    Counterclaim Defendant &<br>    Third-Party Defendants,<br>    respectively. | CV-08-110-BLG-RFC-CSO<br><br>**ORDER ADOPTING<br>FINDINGS AND<br>RECOMMENDATIONS OF<br>UNITED STATES<br>MAGISTRATE JUDGE** |

-1-

On March 11, 2010, United States Magistrate Judge Carolyn Ostby entered

Findings and Recommendation.  Magistrate Judge Ostby recommends Defendants'

Motion for Partial Summary Judgment [*Doc. 29*] be denied and Defendants' Motion

to Strike Affidavit of Peter Mueller [*Doc. 36*] be denied as moot.

Upon service of a magistrate judge's findings and recommendation, a party has

14 days to file written objections.  28 U.S.C. § 636(b)(1).  In this matter, no party

filed objections to the March 11, 2010 Findings and Recommendation.  Failure to

object to a magistrate judge's findings and recommendation waives all objections to

the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999).  However,

failure to object does not relieve this Court of its burden to review de novo the

magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th

Cir. 1989).

After an extensive review of the record and applicable law, this Court finds

Magistrate Judge Ostby's Findings and Recommendation are well grounded in law

and fact and adopts them in their entirety.

Arrowhead seeks summary judgment on the grounds that Plaintiff, Saga

Petroleum, LLC (Saga), cannot set forth a prima facie case for alleged

misrepresentations with respect to an oral agreement and breach of contract

concerning the drilling of natural gas wells. Further, Arrowhead requests summary judgment be entered in its favor on Count II of its counterclaim and all third party claims.

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); *see Bahn v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.1991). The moving party carries the initial burden of proof and meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.*

The court must view the evidence in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.2000) (citations omitted). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *MetroPCS, Inc. v. City and Co. of San Fran.*, 400 F.3d 715, 720 (9th Cir.2005) (citation omitted). Where different

ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir.1981) (citing Fed.R.Civ.P. 56(c)).

However, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The "mere existence of a scintilla of evidence in support of the [non-moving party's] position would be insufficient." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

This Court agrees with Judge Ostby's conclusion that Saga has consistently raised sufficient issues to preclude summary judgment. There are factual issues in this case better left to a jury.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.  Defendants' Motion for Partial Summary Judgment [Doc. No. 29] is **DENIED**.

2.  Defendants' Motion to Strike Affidavit of Peter Mueller, Plaintiffs' Exhibits A and B and Deposition Exhibits 62 and 80 [Doc. No. 36] is **DENIED** as moot.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 26th day of May, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE