IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SAGA PETROLEUM, LLC, | CV-08-110-BLG-CSO |
| Plaintiff, | **ORDER DENYING MOTION IN LIMINE** |
| vs. | |
| ARROWHEAD DRILLING, LLC, and BILL MAXWELL, | |
| Defendants. | |
| _____ | |
| ARROWHEAD OIL & GAS DRILLING, a Montana Joint Venture of Arrowhead Drilling, LLC and B&D Oil & Gas, Inc., | |
| Counterclaimant & Third-Party Plaintiff, | |
| vs. | |
| SAGA PETROLEUM, LLC, SAGA PETROLEUM CORPORATION, and PUBLIC GAS PARTNERS, INC., | |
| Counterclaim Defendant & Third-Party Defendants, respectively. | |

1

Plaintiff Saga Petroleum, LLC ("Saga") has filed a motion in limine. *Court Doc. 47.* For reasons set forth below, the motion will be denied.

## I.     The Motion is not timely.

Chief Judge Cebull's Order dated June 10, 2010, required that any motions in limine "shall be fully briefed by the date set forth in paragraph one [November 15, 2010]." *Court Doc. 46 at 2-3.* The Order explained that "fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the court. The response brief to a motion in limine is due seven days after the motion and brief in support are filed. *Id. at 3, ¶ 5.* Counting backward seven days from November 15, and allowing three additional days as required by Fed. R. Civ. P. 6(d), motions in limine were due November 5, 2010. Saga did not file its motion until November 15, 2010, nor did it seek leave to do so beyond the deadline established by the Court.

## II.    Saga Failed to Comply with Local Rule 7.1(c)

Local Rule 7.1(c)(1) requires that the "text of a motion must state that other parties have been contacted and state whether any party

2

objects to the motion." Saga fails to so state in the text of its motion. Local Rule 7.1(c)(4) provides that "[f]ailure to comply with this Rule may result in summary denial of the motion."

The defendants represent in their response brief that Saga in fact failed to contact the defendants to discuss the motion and ask whether they object to it. *Court Doc. 50 at 2.* Thus Saga's omission was not simply failing to comply with the letter of the rule requiring the reporting of compliance in the text of a motion, but failure to comply with the spirit of the rule as well. It appears to the Court that had Saga done so, the issues presented could have been more focused and narrowed.

### III.   Saga Failed to File a Brief

Local Rule 7.1(d)(1)(A) provides as follows:

> A motion, if opposed, must be accompanied by a brief in support filed at the same time as the motion. **Briefs in support of a motion must be filed separately from the motion. Failure to timely file a brief will result in denial of the motion, subject to refiling in compliance with the Rule.**

(Emphasis added).

Saga's 9-page motion in limine was perhaps intended as a combined motion and brief, but the caption of the document does not so

3

state. In any event, such a combined motion/brief is specifically disallowed by the rule quoted above.

## IV. Objections May be Renewed at Trial.

The evidentiary issues raised by the motion in limine are not fully identified and explained in the briefing, perhaps due in part to Saga's failure to contact defendants before filing the motion. Some objections, such as to the scope of lay witness testimony of John Woods and Mike Schmechel, are better addressed in the context of trial testimony. Other objections, such as to evidence regarding "corporate status, income, taxes, profits, actions, **and the like....**" (*Court Doc. 47 at 4*)(*emphasis added*), are so broad and so vague that the Court cannot define the scope of evidence to be excluded.

## V. Conclusion

For the reasons set forth above, Saga's Motion in Limine (*Court Doc. 47*) is **Denied.** Saga may renew its objections at trial.

DATED this 29th day of November, 2010.

/S/ **Carolyn S. Ostby**
United States Magistrate Judge